**Kenneth ANDERSON, Petitioner–Appellant,**

**v.**

**C.A. TERHUNE, Warden; Bill Lockyer, Attorney General of the State of California, Respondents–Appellees.**

No. 00–56741.

D.C. No. CV–98–01993–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Anderson's request for oral argument is denied, as is his second motion for appointment of counsel.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM**

Kenneth Anderson appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Anderson challenges his California conviction and sentence for one count of possession for sale of cocaine base with an enhancement for being personally armed with a firearm, one count of possession of a firearm by a felon, and two counts of selling or furnishing cocaine base by a

felon. We have jurisdiction pursuant to 28 U.S.C. § 2253. Based upon our de novo review, *Ellis v. Armenakis*, 222 F.3d 627, 630 (9th Cir.2000), we affirm.

We may grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *Garvin v. Farmon*, 258 F.3d 951, 954–55 (9th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1546, 152 L.Ed.2d 471 (2002).

Anderson contends that there was insufficient evidence to support his sentence enhancement under California Penal Code § 12022(c).[1] Anderson specifically argues that because he was arrested away from the apartment where the drugs and weapons were later found, he was not armed during the commission of the offense. Applying California law, and reviewing the evidence in the light most favorable to the state, *see Jackson v. Virginia*, 443 U.S. 307, 319, 324 n. 16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), we disagree.

A defendant's sentence for drug possession is enhanced if he is armed with a firearm during the commission of the drug possession offense. *See* Cal.Penal Code § 12022(c). Under *People v. Bland*, 10 Cal.4th 991, 43 Cal.Rptr.2d 77, 898 P.2d 391, 396–97 (1995), because the handguns were found near the drugs that Anderson was convicted of possessing, there was sufficient evidence for a rational trier of fact to find that the sentence enhancement applied. *See Ellis*, 222 F.3d at 631 (applying state law and rejecting insufficiency of evidence claim). It does not matter that

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This is the sole issue upon which the district court granted Anderson a certificate of appealability (COA). We have previously denied

Anderson's motion to broaden the COA. Therefore, to the extent that Anderson argues other issues in his brief, we do not consider them because they fall outside the scope of the COA. *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

Anderson was arrested at a location away from where the cocaine base and handguns were found. *See Bland,* 43 Cal.Rptr.2d 77, 898 P.2d at 397 (stating that whether defendant was present when the police seized the firearm and drugs is immaterial to the enhancement under § 12022, because drug possession is a continuing offense).

Accordingly, the district court properly denied Anderson's § 2254 petition because the state court's decision was not contrary to, or an unreasonable application of clearly established federal law. *See Garvin,* 258 F.3d at 958.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.